# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: THOMAS JOHNSON, | : | CHAPTER 13 |
| | : | |
| Debtor | : | BANKRUPTCY NO. 19-10256 (AMC) |
| | : | |

## EMERGENCY MOTION FOR CONTEMPT OF THE AUTOMATIC STAY

Debtor, Thomas Johnson ("Debtor" or "Mr. Johnson"), by and through his undersigned counsel, Joanne Werdel, hereby files this Motion for an order holding creditor Samuel Zewdi in contempt of the automatic stay, and for damages and an order remedying the violations of the stay, pursuant to 11 U.S.C. § 362(k) and Bankruptcy Rule 9020 and hereby states as follows:

1. Thomas Johnson ("Debtor" or "Mr. Johnson") is an individual residing at 6426 Beechwood Street, Philadelphia, PA 19138 (the "Property") and the Debtor in the above-captioned Chapter 13 bankruptcy.

2. Samuel Zewdi ("Mr. Zewdi") is the Respondent and a creditor with a secured claim in the above-captioned bankruptcy.

3. Mr. Johnson is an heir to the Property, which was sold at tax sale on August 16, 2017.

4. Mr. Zewdi purchased the Property at tax sale for the sum of $28,000.

5. After the Property was sold at tax sale, and prior to the expiration of the right of redemption, Mr. Johnson intervened in the state court case.

6. Mr. Johnson proved ownership interest in the Property and his right to redeem under 52 P.S. § 7293 in state court and obtained a court order granting him the right to redeem and setting the redemption amount at $32,981.37. A copy of the October 4, 2018 Order is attached hereto as Exhibit A.

7. Mr. Johnson hoped and expected to pay the redemption amount in full by borrowing the funds from his fiancé, but ultimately had to file bankruptcy in order to save his home.

8. Mr. Johnson filed for Chapter 13 bankruptcy protection on January 15, 2019.

9. The same day, January 15, 2019, counsel for Mr. Johnson notified Mr. Zewdi's counsel, Douglas Stern, of the bankruptcy and sent him a copy of the voluntary petition and the Chapter 13 Plan.

10. Mr. Zewdi himself was personally notified of the bankruptcy by his counsel, Douglas Stern.

11. As the third party purchaser at sheriff sale, Mr. Zewdi holds a secured claim for repayment of the redemption amount. *See In re Pittman*, 549 B.R. 614 (Bankr. E.D. Pa. 2016).

12. The Chapter 13 Plan provides for payment of Mr. Zewdi's entire secured claim, plus present value interest of three percent annually.

13. Starting on Sunday, February 17, 2019, Mr. Zewdi has engaged in egregious self-help and willful violations of the automatic stay. These violations are ongoing and require court intervention.

14. On Sunday afternoon, February 17, 2019, Mr. Zewdi came to the Property and banged on the door. When Mr. Johnson answered the door, Mr. Zewdi yelled at him "you gotta

go, you gotta get out of my house now, you're trespassing. I could have you arrested." Mr. Zewdi then called the police.

15. Approximately six police officers came to the Property. Mr. Johnson tried to explain the situation. He showed the officers the order granting him the right to redeem, as well as his bankruptcy paperwork and the documents demonstrating his ownership interest as an heir. The officers also looked up Mr. Johnson's state ID, which showed the Property as his home address. The officers then informed Mr. Zewdi and Mr. Johnson that they would need to wait for the Captain to come out.

16. When the Captain arrived, Mr. Johnson again showed him all of his paperwork. The Captain then informed both Mr. Zewdi that this was a civil matter and that the police wouldn't throw Mr. Johnson out of the Property. The Captain then instructed both parties to go to the police station and make a complaint. Mr. Johnson went to the precinct with the police officers, made a formal complaint and then returned home.

17. At 10 p.m. that night, Mr. Zewdi returned to the Property. He again demanded that Mr. Johnson leave and, unhappy with the police officers' initial refusal to remove Mr. Johnson, Mr. Zewdi called the police again.

18. Approximately six police officers came to the Property a second time. The police officers asked Mr. Zewdi and Mr. Johnson to come back to the police station again to discuss the matter. At the precinct, Mr. Johnson met with another detective who informed him that, because Mr. Zewdi had "papers" showing that he bought the house at sheriff sale, Mr. Johnson would have to leave. Mr. Johnson tried again to explain that he had a right to redeem and that he had filed a bankruptcy, and showed the police his paperwork, but the detective refused to listen. The detective told Mr. Johnson "you're not in trouble or anything, but it looks like we're going to

side with him". The detective informed Mr. Johnson that if he didn't leave, he would be arrested, and told Mr. Johnson that they would return to the Property the next morning.

19. On Monday morning, as Mr. Johnson was about to leave for work, another six police officers show up. Under threat of arrest, the police forced Mr. Johnson to leave, wrongfully dispossessing him of his home and all of his personal Property.

20. After Mr. Johnson was forced to leave, Mr. Zewdi nailed a board over the door to prevent Mr. Johnson from returning.

21. On Monday afternoon, around 2 pm, Mr. Johnson spoke with counsel. On the advice of counsel, Mr. Johnson returned to the Property, but fearful of being arrested, called the police to obtain permission to return.

22. Around 4 p.m. on Monday morning, February 18, 2019, the police returned to the Property where Mr. Johnson was waiting for them.

23. The police took Mr. Johnson to the precinct where he met with a Lieutenant Whaley. Both Mr. Johnson and his counsel (via phone) spoke with Lieutenant Whaley and explained the situation, including that the bankruptcy filing acts as an automatic stay of any actions against the Property and that the police had no authority to dispossess Mr. Johnson.

24. Lieutenant Whaley refused to listen and informed Mr. Johnson and his counsel that if Mr. Johnson returned to the Property is would be arrested.

25. This morning, February 19, Mr. Zewdi called Mr. Johnson and demanded that Mr. Johnson meet him at the Property.

26. Mr. Johnson arrived at the Property at 9 a.m.

27. Mr. Zewdi showed up approximately an hour and a half later. Immediately upon arriving, Mr. Zewdi began throwing Mr. Johnson's personal property into the street, including all of his kitchen and living room furniture.

28. The police arrived while Mr. Zewdi was throwing Mr. Johnson's personal property out into the street and refused to stop him.

29. Mr. Zewdi has threatened to throw all of Mr. Johnson's remaining personal property out into the street by this afternoon, February 19, 2019.

30. On Tuesday morning, February 19, 2019, counsel for Mr. Johnson spoke with Mr. Zewdi's counsel, Douglas Stern, to attempt to put a stop to Mr. Zewdi's unlawful and outrageous conduct. Mr. Stern informed Mr. Johnson's counsel that he had notified Mr. Zewdi of the bankruptcy, that Mr. Zewdi was ignoring his advice and that Mr. Zewdi had obtained new counsel.

31. On February 19, 2019, at approximately 12:45 p.m., counsel for Mr. Johnson called Mr. Zewdi to obtain contact information for his new counsel. Mr. Zewdi refused to provide any information about his new counsel, informed Mr. Johnson's counsel that he would call back later, and hung up.

32. At no point has Mr. Zewdi filed any ejectment action or otherwise sought to use any legal process (whether in the bankruptcy court or elsewhere) to obtain any form of relief.

33. Mr. Johnson has been unlawfully dispossessed of his home and his personal property without due process of law.

34. Mr. Zewdi's conduct represents egregious, willful and ongoing violations of the automatic stay, including 11 U.S.C. §§ 362(a)(1), (a)(2), (a)(3), (a)(5), (a)(6) that require this Court's intervention and an order for damages and injunctive relief under 11 U.S.C. § 362(k).

WHEREFORE, Debtor Thomas Johnson respectfully requests that this Court issue an order:

a. finding that Samuel Zewdi is in contempt of and has engaged in willful violations of the automatic stay;

b. determining that Debtor, Thomas Johnson has exclusive right to possession of 6426 Beechwood Street, Philadelphia, PA 19138;

c. restoring Debtor, Thomas Johnson to possession;

d. requiring Samuel Zewdi to remove any boards or other impediments to entry of the Property;

e. enjoin Samuel Zewdi or any of his agents from taking any steps to obtain possession of the Property, including by contacting the Philadelphia Police Department;

f. fining Samuel Zewdi $500 per day until he has purged himself of any contempt;

g. awarding Debtor, Thomas Johnson, damages, including punitive damages and attorneys' fees, in an amount to be determined at a subsequent evidentiary hearing.

Respectfully submitted,

Date: February 19, 2019

/s/ Joanne L. Werdel
JOANNE L. WERDEL
Philadelphia Legal Assistance
718 Arch Street, Suite 300N
Philadelphia, PA l9l06
(2l5) 981-3858
jwerdel@philalegal.org
*Attorney for Debtor*
*Thomas Johnson*